UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| SAULT STE. MARIE TRIBE OF CHIPPEWA INDIANS; GRAND TRAVERSE BAND OF OTTAWA AND CHIPPEWA INDIANS; KEWEENAW BAY INDIAN COMMUNITY; HANNAHVILLE INDIAN COMMUNITY; BAY MILLS INDIAN COMMUNITY; and LAC VIEUX DESERT BAND OF LAKE SUPERIOR CHIPPEWA INDIANS, | Case No. 1:90-cv-611<br>Honorable Gordon J. Quist |

     Plaintiffs,

and

SAGINAW CHIPPEWA INDIAN TRIBE OF MICHIGAN,

     Intervenor-Plaintiff,

v

JENNIFER M. GRANHOLM, Governor,
Public Officer—Successor in Interest,

     Defendant.

_____/

**STIPULATION FOR ENTRY OF ORDER
REGARDING THE QUICKSILVER ISSUE**

     Jennifer M. Granholm, Governor of the State of Michigan ("State"), moved to enforce the Stipulation and Consent Judgment in this matter (the "Motion to Enforce") against the Hannahville Indian Community ("Hannahville") on three issues:

     1.     What is the proper method to account for promotional wagers in determining "net win" (the "Quicksilver Issue"), as detailed in paragraphs 5 through 9 of the Motion to Enforce;

1

2. Is it proper to include certain wide area progressive expenses in the "net win" calculation (the "Wide Area Progressive Issue"), as detailed in paragraphs 10 through 13 of the Motion to Enforce; and

3. Whether Hannahville has properly distributed certain portions of its two percent payments to local units of state government under the Stipulation and Consent Judgment (the "Distribution Issue"), as detailed in paragraphs 14 and 15 of the Motion to Enforce.

The State and Hannahville reached an amicable resolution of the second issue (the Wide Area Progressive Issue), and the Court entered an order resolving the issue on September 29, 2005. The State further agreed to withdraw without prejudice the "Distribution Issue" described in paragraphs 14 and 15 of its Motion to Enforce. Consequently, only the "Quicksilver Issue" remains before the Court.

The Parties have now reached an amicable resolution of their good faith dispute over the Quicksilver Issue. Effective April 25, 2007, the parties agree that promotional wagers shall be accounted for in the determination of "net win" as follows: the total promotional amount wagered on each electronic game of chance shall equal the total amount paid to players for winning promotional wagers at said machines. The net effect of this formula is that the total promotional amount wagered on each electronic game of chance, minus the total amount paid to players for winning promotional wagers at said machines, shall be zero.

Further, in recognition that all parties have acted in the utmost good faith throughout this dispute, the parties have agreed to waive any rights to recover amounts allegedly overpaid or underpaid on promotional wagers made prior to April 25, 2007, based upon the method of accounting for such promotional wagers .

Date: July 17, 2007

JENNIFER M. GRANHOLM, GOVERNOR OF THE STATE OF MICHIGAN

By: s/ Bryan R. Walters on behalf of
    Todd B. Adams (P36819)
    Assistant Attorney General
    Environment, Natural Resources, and
    Agriculture Division
Business Address and Telephone:
    P.O. Box 30755
    Lansing, MI 48909
    (517) 373-7540
    AdamsTB@michigan.gov

Date: July 17, 2007

HANNAHVILLE INDIAN COMMUNITY

By: s/ Bryan R. Walters on behalf of
    Anthony Mancilla (P58120)
Business Address and Telephone:
    N14911 Hannahville B-1 Road
    Wilson, MI 49896
    (906) 466-2934
    tmancilla@hannaville.org

Date: July 17, 2007

By: s/ Bryan R. Walters
    Bryan R. Walters (P58050)
    Counsel for Hannahville Indian
    Community
Business Address and Telephone:
    VARNUM, RIDDERING, SCHMIDT &
    HOWLETT LLP
    Bridgewater Place, P.O. Box 352
    Grand Rapids, MI 49501-0352
    (616) 336-6000
    brwalters@varnumlaw.com

**ORDER**

Having considered the foregoing stipulation and having found the proposed settlement to be both reasonable and in the public interest, the Court orders:

1. Beginning April 25, 2007, in calculating "net win" for purposes of the Stipulation and Consent Judgment in this matter, the parties shall account for promotional wagering as follows: the total promotional amount wagered on each electronic game of chance shall equal the total amount paid to players for winning promotional wagers at said machines. The net effect of this formula is that total promotional amount wagered on each electronic game of chance, minus the total amount paid to players for winning promotional wagers at said machines, shall be zero.

2. The parties have waived any rights to recover amounts allegedly overpaid or underpaid on promotional wagers made prior to April 25, 2007, based upon the method of accounting for such promotional wagers .

3. The State's Motion to Enforce has now been fully resolved.

4. The Court retains jurisdiction to enforce this Order, as well as the Stipulation and Consent Judgment.

Dated: _____

_____
Hon. Gordon J. Quist
U.S. District Court Judge

1395549_2.DOC